UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGINA ANKRAH and ISAAC OWUSU-AFRIYIE, as CO-EXECUTORS OF THE ESTATE OF ANGELINA OWUSU-AFRIYIE )))))))))))))) | CIVIL ACTION NUMBER: |
| PLAINTIFFS, | |
| V. | **04-40249 FDS** |
| THE UNITED STATES OF AMERICA, KENNETH K. GERWECK, M.D. AND SANDRA L. SALERNO, R.N. | |
| DEFENDANTS. | |

RECEIPT #__104465__
AMOUNT $__150 00__
SUMMONS ISSUED_3__
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.__XBL__
DATE_____12-1-04__

**COMPLAINT**

COUNT I.

1.    The plaintiffs, Regina Ankrah and Isaac Owusu, are the duly appointed Co-Executors of the

Estate of their late daughter, Angelina Owusu-Afriyie and are residents of Worcester, Worcester

County, Massachusetts.

2.    The defendant, the United States of America, is a public employer within the meaning of 28

U.S.C. §1346(b) and 2671 et seq., and at all times herein the Family Health Center of Worcester has

been deemed by the Public Health Service eligible for protection under the Federal Tort Claims Act

pursuant to 42 U.S.C. §233.

3.    This action is brought to recover for the wrongful death of Angelina Owusu-Afriyie for the

benefit of her next of kin pursuant to 28 U.S.C. §§1346 and 2671 et seq.

4.      Jurisdiction is based on 28 U.S.C. §1346(b), the Federal Tort Claims Act.

5.      All statutory conditions precedent to filing suit have been met.

6.      At all times relevant to this complaint, the defendant, The United States of America, by its agents, servants or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiffs that it was knowledgeable, competent and qualified to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August 2002.

7.      On or about August 2002, the plaintiff, Regina Ankrah submitted herself to the care and treatment of the defendant, The United States of America, by its agents, servants or employees, who negligently and carelessly and without regard for the plaintiff's decedent's health and well-being, treated Regina Ankrah and Angelina Owusu-Afriyie in a manner which resulted in the plaintiff's decedent's death on or about August 12, 2002.

8.      The death of Angelina Owusu-Afriyie and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, The United States of America, by its agents, servants or employees, including but not limited to the following:

a.  its misrepresentations to the plaintiffs that it was knowledgeable, skillful and competent to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August, 2002;

b.  its failure to adequately and properly diagnose the medical condition of Regina Ankrah and Angelina Owusu-Afriyie or about August 2002, and its failure to properly treat said conditions;

c.  its failure to recognize, or to have the knowledge to recognize its inability and lack of skill to treat Regina Ankrah and Angelina Owusu-Afriyie, when it knew or should have known of the foreseeable consequences of its inability and failure to properly and skillfully provide Regina Ankrah and Angelina Owusu-Afriyie with acceptable medical care and treatment;

d.  its failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing its specialty;

e.  its failure to inform and to warn of the risks involved in or associated with Regina Ankrah and Angelina Owusu-Afriyie's conditions and failure to inform and to warn about the treatment of said conditions.

WHEREFORE, the plaintiff, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed

3

Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, The United States of America, by its agents, servants or employees, for the above-described wrongful death and damage to the estate, together with interest and costs.

## COUNT II.

1.      The plaintiffs, Regina Ankrah and Isaac Owusu-Afrieyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2.      This action is brought to recover for the conscious pain and suffering of the decedent, Angelina Owusu-Afriyie.

3.      As the direct and proximate result of the carelessness and negligence of the defendant, The United States of America, by its agents, servants or employees, the decedent, Angelina Owusu-Afriyie, was caused to suffer consciously up to and until the time of her death.

WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Anglina Owusu-Afriyie, pray judgment against the defendant, The United States of America, by its agents, servants or employees, in an amount to be determined by a jury, together with interest and costs.

## COUNT III.

4

1.      The plaintiffs, Regina Ankrah and Isaac Owusu- Afriyie, are the duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie and are residents of Worcester, Worcester County, Massachusetts.

2.      The defendant, the United States of America, is a public employer within the meaning of 28 U.S.C. §1346(b) and 2671 et seq., and at all times herein the Family Health Center of Worcester has been deemed by the Public Health Service eligible for protection under the Federal Tort Claims Act pursuant to 42 U.S.C. §233.

2.      This action is brought to recover for the wrongful death of Angelina Owusu-Afriyie for the benefit of her next of kin.

3.      At all times relevant to this complaint, the defendant, The United States of America, by its agents, servants or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiffs that it was knowledgeable, competent and qualified to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August, 2002.

4.      On or about August, 2002, Regina Ankrah submitted herself to the care and treatment of the defendant, The United States of America, by its agents, servants or employees, who negligently, carelessly and recklessly and without regard for Regina Ankrah and Angelina Owusu-Afriyie's health and well-being, treated Regina Ankrah and Angelina Owusu-Afriyie in a manner which

resulted in the plaintiff's decedent's death on or about August 12, 2002.

5.    The death of Angelina Owusu-Afriyie and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, The United States of America, by its agents, servants or employees, or by the gross negligence of the defendant on or about August, 2002.

WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, The United States of America, by its agents, servants or employees, for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT IV.

1.    The plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver fully herein Paragraphs One through Four of Count I of this complaint as if each were set forth here in its entirety.

2.    In or about August, 2000, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3.     In or about August, 2000, the defendant, The United States of America, by its agents, servants or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie.

4.     In or about August, 2000, the defendant, The United States of America, by its agents, servants or employees, did not inform the plaintiffs of the alternatives to and risks and potential consequences of the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie.

5.     If the defendant, The United States of America, by its agents, servants or employees, had informed the plaintiffs of the alternatives to and risks and potential consequences of the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie, neither the plaintiffs nor a reasonable person in their position would have elected the defendant's choice of treatment.

6.     The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiffs and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7.     The death of Angelina Owusu-Afriyie and the damage to her estate, including but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, The United States of America, by its agents', servants' or employees' failure to obtain the informed consent of the plaintiffs.

WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, The United States of America, by its agents, servants or employees, for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT V.

1.      The plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver all of the allegations contained in Paragraphs One through Seven of Count IV of this complaint as if each were set forth here in its entirety.

2.      This action is brought to recover for the conscious pain and suffering of the decedent, Angelina Owusu-Afriyie.

3.      As the direct and proximate result of the defendant, The United States of America, by its agents', servants' or employees' failure to inform the plaintiffs of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff's decedent, Angelina Owusu-Afriyie, was caused to suffer consciously up to and including the time of her death.

WHEREFORE, the plaintiffs, Regina Ankrah and Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, The United States of America, by its agents, servants or employees, in an amount to be determined by a

8

jury, together with interest and costs.

## COUNT VI.

1.    The plaintiffs, Regina Ankrah and Isaac Owusu, are the duly appointed Co-Executors of the Estate of their late daughter, Angelina Owusu-Afriyie and are residents of Worcester, Worcester County, Massachusetts.

2.    The defendant, Kenneth Gerweck, M.D. was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3.    This action is brought to recover for the wrongful death of Angelina Owusu-Afriyie for the benefit of her next of kin.

4.    At all times relevant to this complaint, the defendant, Kenneth Gerweck, M.D. represented and held himself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiffs that he was knowledgeable, competent and qualified to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August 2002.

5.    On or about August 2002, the plaintiff, Regina Ankrah submitted herself to the care and treatment of the defendant, Kenneth Gerweck, M.D., who negligently and carelessly and without regard for the plaintiff's decedent's health and well-being, treated Regina Ankrah and Angelina Owusu-Afriyie in a manner which resulted in the plaintiff's decedent's death on or about August 12,

2002.

6.    The death of Angelina Owusu-Afriyie and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Kenneth Gerweck, M.D., including but not limited to the following:

a.    his misrepresentations to the plaintiffs that he was knowledgeable, skillful and competent to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August, 2002;

b.    his failure to adequately and properly diagnose the medical condition of Regina Ankrah and Angelina Owusu-Afriyie or about August 2002, and his failure to properly treat said conditions;

c.    his failure to recognize, or to have the knowledge to recognize his inability and lack of skill to treat Regina Ankrah and Angelina Owusu-Afriyie, when he knew or should have known of the foreseeable consequences of his inability and failure to properly and skillfully provide Regina Ankrah and Angelina Owusu-Afriyie with acceptable medical care and treatment;

d.    his failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession

practicing his specialty;

e.    his failure to inform and to warn of the risks involved in or associated with Regina Ankrah and Angelina Owusu-Afriyie's conditions and failure to inform and to warn about the treatment of said conditions.

WHEREFORE, the plaintiff, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Kenneth Gerweck, M.D. for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT VII.

1.    The plaintiffs, Regina Ankrah and Isaac Owusu-Afrieyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver all of the allegations contained in Paragraphs One through Six of Count VI above, as if expressly rewritten and set forth herein.

2.    This action is brought to recover for the conscious pain and suffering of the decedent, Angelina Owusu-Afriyie.

3.    As the direct and proximate result of the carelessness and negligence of the defendant, Kenneth Gerweck, M.D., Angelina Owusu-Afriyie, was caused to suffer consciously up to and until the time of her death.

11

WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Anglina Owusu-Afriyie, pray judgment against the defendant, Kenneth Gerweck, M.D., in an amount to be determined by a jury, together with interest and costs.

COUNT VIII.

1.    The plaintiffs, Regina Ankrah and Isaac Owusu- Afriyie, are the duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie and are residents of Worcester, Worcester County, Massachusetts.

2.    The defendant, Kenneth Gerweck, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3.    This action is brought to recover for the wrongful death of Angelina Owusu-Afriyie for the benefit of her next of kin.

4.    At all times relevant to this complaint, the defendant, Kenneth Gerweck, M.D. represented and held himself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiffs that he was knowledgeable, competent and qualified to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August, 2002.

5.      On or about August, 2002, Regina Ankrah submitted herself to the care and treatment of the defendant, Kenneth Gerweck, M.D., who negligently, carelessly and recklessly and without regard for Regina Ankrah and Angelina Owusu-Afriyie's health and well-being, treated Regina Ankrah and Angelina Owusu-Afriyie in a manner which resulted in the plaintiff's decedent's death on or about August 12, 2002.

6.      The death of Angelina Owusu-Afriyie and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Kenneth Gerweck, M.D., or by the gross negligence of the defendant on or about August, 2002.

        WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Kenneth Gerweck, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT IX.

1.      The plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver fully herein Paragraphs One through Six of Count VI of this complaint as if each were set forth here in its entirety.

13

2.      In or about August, 2000, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3.      In or about August, 2000, the defendant, Kenneth Gerweck, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie.

4.      In or about August, 2000, the defendant, Kenneth Gerweck, M.D., did not inform the plaintiffs of the alternatives to and risks and potential consequences of the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie.

5.      If the defendant, Kenneth Gerweck, M.D., had informed the plaintiffs of the alternatives to and risks and potential consequences of the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie, neither the plaintiffs nor a reasonable person in their position would have elected the defendant's choice of treatment.

6.      The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiffs and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7.      The death of Angelina Owusu-Afriyie and the damage to her estate, including but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant,

14

Kenneth Gerweck, M.D.'s failure to obtain the informed consent of the plaintiffs.

WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Kenneth Gerweck, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT X.

1.    The plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver all of the allegations contained in Paragraphs One through Seven of Count IX of this complaint as if each were set forth here in its entirety.

2.    This action is brought to recover for the conscious pain and suffering of the decedent, Angelina Owusu-Afriyie.

3.    As the direct and proximate result of the defendant, Kenneth Gerweck, M.D.'s failure to inform the plaintiffs of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff's decedent, Angelina Owusu-Afriyie, was caused to suffer consciously up to and including the time of her death.

WHEREFORE, the plaintiffs, Regina Ankrah and Owusu-Afriyie, as duly appointed Co-

Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Kenneth Gerweck, M.D., in an amount to be determined by a jury, together with interest and costs.

COUNT XI.

1.      The plaintiffs, Regina Ankrah and Isaac Owusu, are the duly appointed Co-Executors of the Estate of their late daughter, Angelina Owusu-Afriyie and are residents of Worcester, Worcester County, Massachusetts.

2.      The defendant, Sandra Salerno, R.N., was at all times relevant to this complaint a physician licensed to practice in the Commonwealth of Massachusetts.

3.      This action is brought to recover for the wrongful death of Angelina Owusu-Afriyie for the benefit of her next of kin.

4.      At all times relevant to this complaint, the defendant, Sandra Salerno, R.N., represented and held herself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiffs that she was knowledgeable, competent and qualified to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August 2002.

5.      On or about August 2002, the plaintiff, Regina Ankrah submitted herself to the care and treatment of the defendant, Sandra Salerno, R.N., who negligently and carelessly and without regard

for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner which resulted in the plaintiff's decedent's death on or about August 12, 2002.

6.     The death of Angelina Owusu-Afriyie and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Sandra Salerno, R.N., including but not limited to the following:

   a.     her misrepresentations to the plaintiffs that she was knowledgeable, skillful and competent to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August, 2002;

   b.     her failure to adequately and properly diagnose the medical condition of Regina Ankrah and Angelina Owusu-Afriyie or about August 2002, and her failure to properly treat said conditions;

   c.     her failure to recognize, or to have the knowledge to recognize its inability and lack of skill to treat Regina Ankrah and Angelina Owusu-Afriyie, when it knew or should have known of the foreseeable consequences of her inability and failure to properly and skillfully provide Regina Ankrah and Angelina Owusu-Afriyie with acceptable medical care and treatment;

   d.     her failure to possess and exercise that degree of skill, training and care as is

17

possessed and exercised by the average qualified members of the medical profession practicing her specialty;

e.     her failure to inform and to warn of the risks involved in or associated with Regina Ankrah and Angelina Owusu-Afriyie's conditions and failure to inform and to warn about the treatment of said conditions.

WHEREFORE, the plaintiff, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Sandra Salerno, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT XII.

1.     The plaintiffs, Regina Ankrah and Isaac Owusu-Afrieyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver all of the allegations contained in Paragraphs One through Six of Count XI above, as if expressly rewritten and set forth herein.

2.     This action is brought to recover for the conscious pain and suffering of the decedent, Angelina Owusu-Afriyie.

3.     As the direct and proximate result of the carelessness and negligence of the defendant, Sandra Salerno, R.N., the decedent, Angelina Owusu-Afriyie, was caused to suffer consciously up

to and until the time of her death.

WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Anglina Owusu-Afriyie, pray judgment against the defendant, Sandra Salerno, R.N., in an amount to be determined by a jury, together with interest and costs.

## COUNT XIII.

1.      The plaintiffs, Regina Ankrah and Isaac Owusu- Afriyie, are the duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie and are residents of Worcester, Worcester County, Massachusetts.

2.      The defendant, Sandra Salerno, R.N., was at all times relevant to this complaint a physician licensed to practice in the Commonwealth of Massachusetts.

2.      This action is brought to recover for the wrongful death of Angelina Owusu-Afriyie for the benefit of her next of kin.

3.      At all times relevant to this complaint, the defendant, Sandra Salerno, R.N., represented and held herself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiffs that it was knowledgeable, competent and qualified to diagnose and treat Regina Ankrah and Angelina Owusu-Afriyie on or about August, 2002.

19

4.      On or about August, 2002, Regina Ankrah submitted herself to the care and treatment of the defendant, Sandra Salerno, R.N., who negligently, carelessly and recklessly and without regard for Regina Ankrah and Angelina Owusu-Afriyie's health and well-being, treated Regina Ankrah and Angelina Owusu-Afriyie in a manner which resulted in the plaintiff's decedent's death on or about August 12, 2002.

5.      The death of Angelina Owusu-Afriyie and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Sandra Salerno, R.N., or by the gross negligence of the defendant on or about August, 2002.

        WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Sandra Salerno, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

COUNT XIV.

1.      The plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver fully herein Paragraphs One through Six of Count XI of this complaint as if each were set forth here in its entirety.

20

2.    In or about August, 2000, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3.    In or about August, 2000, the defendant, Sandra Salerno, R.N., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie.

4.    In or about August, 2000, the defendant, Sandra Salerno, R.N., did not inform the plaintiffs of the alternatives to and risks and potential consequences of the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie.

5.    If the defendant, Sandra Salerno, R.N., had informed the plaintiffs of the alternatives to and risks and potential consequences of the defendant's choice of treatment of Regina Ankrah and Angelina Owusu-Afriyie, neither the plaintiffs nor a reasonable person in their position would have elected the defendant's choice of treatment.

6.    The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiffs and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7.    The death of Angelina Owusu-Afriyie and the damage to her estate, including but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant,

21

Sandra Salerno, R.N.'s failure to obtain the informed consent of the plaintiffs.

WHEREFORE, the plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Sandra Salerno, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

## COUNT XV.

1.     The plaintiffs, Regina Ankrah and Isaac Owusu-Afriyie, as duly appointed Co-Executors of the Estate of Angelina Owusu-Afriyie, repeat and reaver all of the allegations contained in Paragraphs One through Seven of Count XIV of this complaint as if each were set forth here in its entirety.

2.     This action is brought to recover for the conscious pain and suffering of the decedent, Angelina Owusu-Afriyie.

3.     As the direct and proximate result of the defendant, Sandra Salerno, R.N.'s failure to inform the plaintiffs of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff's decedent, Angelina Owusu-Afriyie, was caused to suffer consciously up to and including the time of her death.

WHEREFORE, the plaintiffs, Regina Ankrah and Owusu-Afriyie, as duly appointed Co-

22

Executors of the Estate of Angelina Owusu-Afriyie, pray judgment against the defendant, Sandra

Salerno, R.N., in an amount to be determined by a jury, together with interest and costs.

                              RESPECTFULLY SUBMITTED,
                              THE PLAINTIFF,
                              BY THEIR ATTORNEY,


                              ELIZABETH N. MULVEY
                              DAVID W. SUCHECKI
                              CROWE AND MULVEY, L.L.P.
                              141 TREMONT STREET
                              BOSTON, MA 02111
                              (617) 426-6006

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

04 40249

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Regina Ankrah and Isaac Owusu-Afriyie as co-exectors of the Estate of Angelina Owusu-Afriyie

**DEFENDANTS** Kenneth K. Gerweck, MD, Sandra L. Salerno, RN The United States of America

(b) County of Residence of First Listed Plaintiff    Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-426-4488
Elizabeth N. Mulvey and David W. Suchecki
Crowe & Mulvey, LLP
141 Tremont St., Boston MA 02111

Attorneys (If Known) Dennis Anti
Morrison Mahoney
1500 Main St., Springfield, MA
413-737-4373                      01115

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [X] 362 Personal Injury— | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / Med. Malpractice | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander / [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / Injury Product Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | | **LABOR** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 540 Mandamus & Other / [ ] 550 Civil Rights / [ ] 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1346
The plaintiffs claim that the defendants acted negligently during Regia Ankrah's labor & delivery directly resulting in death of Angelina Owusu-Afriyie

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23      5 Million

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY  (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# 04-40249

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Regina Ankrah and Isaac Owusu-Afriyie as co-executors of the Estate of Angelina Owusu-Afriyie v.Kenneth K. Gerwech, MD

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐  I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐  V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐    NO ☒

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

Eastern Division ☐    Central Division ☒    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Elizabeth Mulvey and David W. Suchecki

ADDRESS  Crowe & Mulvey, LLP  141 Tremont St. Boston, MA 02111

TELEPHONE NO.  617-426-4488

(Coversheetlocal.wpd - 10/17/02)