**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS**

---

REGINA ANKRAH and ISAAC OWUSU-AFRIYIE  :
 as Co-Executors of the Estate of OWUSU-AFRIYIE, :
            :
            :
   Plaintiffs         :
            :  CIV. NO: 04-40249 FDS
   v.           :
            :
THE UNITED STATES OF AMERICA, et al.   :
            :
   Defendants.        :

---

**ANSWER OF DEFENDANT UNITED STATES OF AMERICA TO
THE COMPLAINT**

Defendant, the United States of America, through counsel, Michael J. Sullivan, United

States Attorney for the District of Massachusetts, responds to the complaint as follows:

**COUNT I**

1.  Defendant is without knowledge or information sufficient to admit or deny the

averments of Paragraph 1.

2.  Defendant admits that at all times relevant to the complaint, the Family Health

Center ("FHC") of Worcester, Massachusetts, and its employees, working within the course and

scope of employment, were deemed employees of the Public Health Service pursuant to the

Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 (g), and were

thus eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346 (b),

2671-2680.

3.  Paragraph 3 amounts to a statement of Plaintiffs' intent to which no response is

required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a

claim against the United States for the alleged wrongful death of the decedent, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

4.    Plaintiff's statement of jurisdiction in Paragraph 4 amounts to a legal conclusion to which no response is required.

5.    Paragraph 5 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 5.

6.    Defendant admits only that at all times relevant to the complaint, the medical staff at FHC provided medical care to health center patients, including Plaintiff, Regina Ankrah, within the course and scope of their employment, pursuant to FSHCAA, 42 U.S.C § 233 (g), and that in August of 2002, FHC medical providers also provided medical care and treatment to the decedent, Angelina Owusu-Afriyie, pursuant to FSHCAA.

7.    Defendant admits that on August 11, 2002, Plaintiff, Regina Ankrah, presented to the University of Massachusetts Memorial Medical Center ("UMMMC"), which is not operated by the federal government, and that she was evaluated by Lisa Tardiff, M.D., an FHC employee, as well as by employees of UMMMC. Defendant denies that any employees of FHC provided careless or negligent treatment to Mrs. Ankrah or Angelina Owusu-Afriyie. Defendant further denies that the actions of any employees of FHC resulted in the death of Angelina Owusu-Afriyie.

8.    Defendant denies the averments of Paragraph 8, including those stated in subsections "a" through "e."

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count I of the complaint, and granting such further relief as the Court deems just and proper,

including costs.

## COUNT II

Defendant incorporates by reference its responses to the averments of Count I above as if fully set forth herein.

1.    Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.  The remaining averments of Paragraph 1 amount to factual assertions to which no response is required.

2.    Paragraph 2 amounts to a statement of Plaintiffs' intent to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged conscious pain and suffering of the decedent.

3.    Denied.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count II of the complaint, and granting such further relief as the Court deems just and proper, including costs.

## COUNT III

Defendant incorporates by reference its responses to the averments of Counts I and II above as if fully set forth herein.

1.    Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 1.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

2.    Defendant admits that at all times relevant to the complaint, the Family Health

Center ("FHC") of Worcester, Massachusetts, and its employees, working within the course and scope of employment, were deemed employees of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 (g), and were thus eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346 (b), 2671-2680.

*2.    The second Paragraph numbered "2" amounts to a statement of Plaintiffs' intent to which no response is required. To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged wrongful death of the decedent.

3.     Defendant admits only that at all times relevant to the complaint, the medical staff at FHC provided medical care to health center patients, including Plaintiff, Regina Ankrah, within the course and scope of their employment, pursuant to FSHCAA, 42 U.S.C § 233 (g), and that in August of 2002, FHC medical providers also provided medical care and treatment to the decedent, Angelina Owusu-Afriyie, pursuant to FSHCAA.

4.    Defendant admits that on August 11, 2002, Plaintiff, Regina Ankrah, presented to the University of Massachusetts Memorial Medical Center ("UMMMC"), which is not operated by the federal government, and that she was evaluated by Lisa Tardiff, M.D., an FHC employee, as well as by employees of UMMMC. Defendant denies that any employees of FHC provided careless or negligent treatment to Mrs. Ankrah or Angelina Owusu-Afriyie. Defendant further denies that the actions of any employees of FHC resulted in the death of Angelina Owusu-Afriyie.

5.    Denied.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count III of the complaint, and granting such further relief as the Court deems just and proper, including costs.

## COUNT IV

Defendant incorporates by reference its responses to the averments of Counts I through III

above as if fully set forth herein.

1.       Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining averments of Paragraph 1 amount to factual assertions to which no response is required.

2.       Defendant denies the averments of Paragraph 2 as Plaintiffs' decedent, Angelina Owosu-Afriyie, had neither been born nor conceived in August of 2000.

3.       Defendant admits that at all times relevant to the complaint, the medical staff of FHC were aware of the alternatives to, risks of, and potential consequences of Mrs. Ankrah's treatment, to the extent applicable, and that those alternatives, risks, and potential consequences were explained to her.  Defendant denies that Angelina Owusu-Afriyie had been born or conceived in August of 2000.

4.       Defendant denies that at any time relevant to the complaint, the medical staff of FHC failed to inform Mrs. Ankrah of the alternatives, risks, and potential consequences of her course of treatment, and denies that Angelina Owusu-Afriyie had been born or conceived in August of 2000.

5.       Defendant denies that at any time relevant to the complaint, the medical staff of

FHC failed to inform Mrs. Ankrah of the alternatives, risks, and potential consequences of her course of treatment, and is without knowledge or information to admit or deny the remaining averments of Paragraph 5.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.

6.    Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 6.

7.    Denied.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count IV of the complaint, and granting such further relief as the Court deems just and proper, including costs.

## COUNT V

Defendant incorporates by reference its responses to the averments of Counts I through IV above as if fully set forth herein.

1.    Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining averments of Paragraph 1 amount to factual assertions to which no response is required.

2.    Paragraph 2 amounts to a statement of Plaintiffs' intent to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged conscious pain and suffering of the decedent.

3.    Denied.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count V of the complaint, and granting such further relief as the Court deems just and proper,

including costs.

## COUNT VI

Defendant incorporates by reference its responses to the averments of Counts I through V above as if fully set forth herein.

1.     Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 1.

2.     Paragraph 2 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny whether Dr. Gerweck was a licensed physician in the Commonwealth of Massachusetts.  Defendant admits, upon information and belief, that Dr. Gerweck was authorized to practice medicine pursuant to his involvement in a residency program through the University of Massachusetts Medical School.

3.     Paragraph 3 amounts to a statement of Plaintiffs' intent to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged wrongful death of the decedent.

4.     Paragraph 4 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 4.

5.     Paragraph 5 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant denies the averments of Paragraph 5.

6.     Paragraph 6 is not addressed to Defendant, the United States of America,

and as such does not require its response.  To the extent that a response is required, Defendant

denies the averments of Paragraph 6, including the averments of subsections "a" through "e."

      **WHEREFORE**, Defendant, the United States of America, demands judgment dismissing

Count VI of the complaint, and granting such further relief as the Court deems just and proper,

including costs.

## COUNT VII

      Defendant incorporates by reference its responses to the averments of Counts I through

VI above as if fully set forth herein.

      1.      Defendant is without knowledge or information sufficient to admit or deny

Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining

averments of Paragraph 1 amount to factual assertions to which no response is required.

      2.      Paragraph 2 amounts to a statement of Plaintiffs' intent to which no response is

required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a

claim against the United States for the alleged conscious pain and suffering of the decedent.

      3.      Paragraph 3 is not addressed to Defendant, the United States of America,

and as such does not require its response.  To the extent that a response is required Defendant

denies the averments of Paragraph 3.

      **WHEREFORE**, Defendant, the United States of America, demands judgment dismissing

Count VII of the complaint, and granting such further relief as the Court deems just and proper,

including costs.

## COUNT VIII

      Defendant incorporates by reference its responses to the averments of Counts I through

VII above as if fully set forth herein.

1.     Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 1.

2.     Paragraph 2 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny whether Dr. Gerweck was a licensed physician in the Commonwealth of Massachusetts.  Defendant admits, upon information and belief, that Dr. Gerweck was authorized to practice medicine pursuant to his involvement in a residency program through the University of Massachusetts Medical School.

3.     Paragraph 3 amounts to a statement of Plaintiffs' intent to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged wrongful death of the decedent.

4.     Paragraph 4 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 4.

5.     Paragraph 5 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant denies the averments of Paragraph 5.

6.     Paragraph 6 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant denies the averments of Paragraph 6.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing

Count VIII of the complaint, and granting such further relief as the Court deems just and proper, including costs.

**COUNT IX**

Defendant incorporates by reference its responses to the averments of Counts I through VIII above as if fully set forth herein.

1.      Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining averments of Paragraph 1 amount to factual assertions to which no response is required.

2.      Defendant denies the averments of Paragraph 2 as Plaintiffs' decedent, Angelina Owosu-Afriyie, had neither been born nor conceived in August of 2000.

3.      Paragraph 3 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant denies that Angelina Owusu-Afriyie had been born or conceived in August of 2000, and is without knowledge or information sufficient to admit or deny the remaining averments of Paragraph 3.

4.      Paragraph 4 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 4.

5.      Paragraph 5 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 5.

6.      Defendant is without knowledge or information sufficient to admit or deny the

averments of Paragraph 6.

7.      Paragraph 7 is not addressed to Defendant, the United States of America,
and as such does not require its response.  To the extent that a response is required, Defendant
denies the averments of Paragraph 7.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing
Count IX of the complaint, and granting such further relief as the Court deems just and proper,
including costs.

## COUNT X

Defendant incorporates by reference its responses to the averments of Counts I through
IX above as if fully set forth herein.

1.      Defendant is without knowledge or information sufficient to admit or deny
Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining
averments of Paragraph 1 amount to factual assertions to which no response is required.

2.      Paragraph 2 amounts to a statement of Plaintiffs' intent to which no response is
 required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a
claim against the United States for the alleged conscious pain and suffering of the decedent.

3.      Paragraph 3 is not addressed to Defendant, the United States of America,
and as such does not require its response.  To the extent that a response is required, Defendant
denies the averments of Paragraph 3.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing
Count X of the complaint, and granting such further relief as the Court deems just and proper,
including costs.

## COUNT XI

Defendant incorporates by reference its responses to the averments of Counts I through X above as if fully set forth herein.

1.     Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 1.

2.     Paragraph 2 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 2.

3.     Paragraph 3 amounts to a statement of Plaintiffs' intent to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged wrongful death of the decedent.

4.     Paragraph 4 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 4.

5.     Paragraph 5 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 5.

6.     Paragraph 6 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 6, including the averments of subsections "a" through "e."

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count XI of the complaint, and granting such further relief as the Court deems just and proper, including costs.

### COUNT XII

Defendant incorporates by reference its responses to the averments of Counts I through XI above as if fully set forth herein.

1.       Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining averments of Paragraph 1 amount to factual assertions to which no response is required.

2.       Paragraph 2 amounts to a statement of Plaintiffs' intent to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged conscious pain and suffering of the decedent.

3.       Paragraph 3 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 3.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count XII of the complaint, and granting such further relief as the Court deems just and proper, including costs.

### COUNT XIII

Defendant incorporates by reference its responses to the averments of Counts I through XII above as if fully set forth herein.

1.       Defendant is without knowledge or information sufficient to admit or deny the

averments of Paragraph 1.

2.     Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 2.

*2.     The second paragraph numbered "2" amounts to a statement of Plaintiffs' intent
to

which no response is  required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged wrongful death of the decedent.

3.     Paragraph 3 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 3.

4.     Paragraph 4 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 4.

5.     Paragraph 5 is not addressed to Defendant, the United States of America, and as such does not require its response.   To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 5.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count XIII of the complaint, and granting such further relief as the Court deems just and proper, including costs.

## COUNT XIV

Defendant incorporates by reference its responses to the averments of Counts I through XIII above as if fully set forth herein.

1.     Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining averments of Paragraph 1 amount to factual assertions to which no response is required.

2.     Paragraph 2 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, denies the averments of Paragraph 2 as Plaintiffs' decedent, Angelina Owosu-Afriyie, had neither been born nor conceived in August of 2000.

3.     Paragraph 3 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant denies that Angelina Owusu-Afriyie had been born or conceived in August of 2000, and is without knowledge or information sufficient to admit or deny the remaining averments of Paragraph 3.

4.     Paragraph 4 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 4.

5.     Paragraph 5 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 5.

6.     Defendant is without knowledge or information sufficient to admit or deny the

averments of Paragraph 6.

7.      Paragraph 7 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 7.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count XIVof the complaint, and granting such further relief as the Court deems just and proper, including costs..

## COUNT XV

Defendant incorporates by reference its responses to the averments of Counts I through XIV above as if fully set forth herein.

1.      Defendant is without knowledge or information sufficient to admit or deny Plaintiffs' alleged status as duly appointed co-executors of the decedent's estate.  The remaining averments of Paragraph 1 amount to factual assertions to which no response is required.

2.      Paragraph 2 amounts to a statement of Plaintiffs' intent to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs have stated a claim against the United States for the alleged conscious pain and suffering of the decedent.

3.      Paragraph 3 is not addressed to Defendant, the United States of America, and as such does not require its response.  To the extent that a response is required, Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 3.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing Count XV of the complaint, and granting such further relief as the Court deems just and proper, including costs.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The injuries or damages, or both, alleged in the complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

## THIRD DEFENSE

If Defendant was negligent, which is expressly denied, others were also negligent. Defendant may thus only be held liable for its proportionate share of the fault, if any. MASS. GEN. LAWS ch. 231, § 85 (West 1998).

## FOURTH DEFENSE

Plaintiffs' claim for damages is limited to damages recoverable under 28 U.S.C. § 2674.

## FIFTH DEFENSE

Plaintiffs are limited to the amount of damages demanded in their administrative tort claim. 28 U.S.C. § 2675 (b).

## SIXTH DEFENSE

Attorneys fees are deducted from the judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

## SEVENTH DEFENSE

Any recovery by Plaintiffs is subject to the availability of appropriated funds. 42 U.S.C. § 233 (k).

## EIGHTH DEFENSE

Plaintiffs are not entitled to a jury trial as to any claim against the United States.

28 U.S.C. § 2402.

## NINTH DEFENSE

The United States asserts that it is not liable for prejudgment interest.  28 U.S.C. § 2674.

## TENTH DEFENSE

And further answering, the United States asserts that the injuries claimed by Plaintiff's

decedent (Harry Koretsky) were caused by others over whom this defendant has no control, or

were the result of a disease process over which the United States had no control, and not by any

negligent act or omission of the United States.

**WHEREFORE**, Defendant, the United States of America, demands judgment dismissing

the complaint to the extent that it seeks to impose liability upon the United States, and granting

such further relief as the Court deems just and proper, including costs.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Gina Walcott-Torres
By:    Gina Y. Walcott-Torres
       Assistant U.S. Attorney
       John Joseph Moakley U.S.   Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3369

Dated: February 8, 2005

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 23rd day of February 2005, served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Elizabeth Mulvey, Esq. And David W. Suchecki, Esq., Crowe & Mulvey, LLP, 141 Tremont Street, Boston, MA 02111.

/s/ Gina Walcott-Torres
Gina Walcott-Torres, Asst. U.S. Attorney