UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 4:04-cv-40249-FDS

REGINA ANKRAH AND ISAAC )
OWUSU-AFRIYIE, AS CO- )
EXECUTORS OF THE ESTATE OF )
ANGELINA OWUSU-AFRIYIE, )
    Plaintiffs )
  )
v. )
  )
THE UNITED STATES OF AMERICA, )
KENNETH K. GERWECK, M.D., AND )
SANDRA L. SALERNO, R.N. )
    Defendant )

## THE DEFENDANT, KENNETH K. GERWECK, M.D.'S STATEMENT OF LEGAL ELEMENTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

1. Summary judgment shall be granted where (1) there are no material facts in dispute and (2) the moving party is entitled to judgment as a matter of law. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (U.S. 1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (c).

2. If the moving party establishes there is no genuine issue of material fact, "to escape summary judgment…the party bearing the ultimate burden of proof, must 'affirmatively point to specific facts that demonstrate the existence of an authentic dispute.'" *C.K. Smith & Co. v. Motiva Enters. LLC*, 269 F.3d 70, 73 (1st Cir. 2001)

3. To be considered material, a disputed fact must have the potential to 'affect the outcome of the suit under the governing law.'" *Rochester Ford Sales, Inc. v. Ford Motor Co.*, 287 F.3d 32, 38 (1st Cir. 2002).

4. The United States Federal Courts look favorably upon the use of Summary Judgment in appropriate cases, as a procedural tool for the just, speedy, and inexpensive determination of every action. *Gallace v. U.S. Dep't of Agric.*, 273 F. Supp. 2d 53, 57 (D.D.C. 2003), *aff'd per curiam*, 2003 U.S. App. LEXIS 20074 (D.C. Cir. 2003).

5. Further, Summary Judgment as a procedural tool should not be disfavored simply because the case at bar is complex, Summary Judgment is favored even in complex litigation. *Thompson Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).

6. Under the Federal Rules of Civil Procedure, Summary Judgment is a favorable procedural tool which should be used, and is encouraged in appropriate cases. *Northwestern Nat'l Ins. Co. v. Corley*, 503 F.2d 224, 230 (7th Cir. 1974); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 470 (5th Cir. 1967).

7. A District Court "facing a claim that does not arise under the Constitution or the laws of the United States…must apply the substantive law of the forum in which it sits." *Dykes v. Depuy, Inc.*, 140 F.3d 31, 39 (1st Cir. 1998).

8. Under the Massachusetts Tort Claims Act, "public employees" are immune from personal liability for allegedly negligent acts committed in the course of their employment. M.G.L.c. 258 § 2.

9. Under the terms of the Tort Claims Act it is the "public employers" that are liable for the negligent act of their "public employees" that are acting within the scope of the employment relationship. *Pruner v. Clerk of the Superior Court in the County of Norfolk*, 382 Mass. 309, (1981); M.G.L.c. 258 § 2.

10. The test for determining whether an individual is a public employee is the same as the test used to determine "whether an agent is a servant for whose negligent act a principal may be liable under the common la doctrine of respondeat superior." *Kelly v. Rossi*, 395 Mass. 659, 661 (1985); *McNamara v. Honeyman*, 406 Mass. 43, 48 (1989).

11. With respect to a physician, the Supreme Judicial Court has suggested that the primary consideration is whether the public employer "directs and controls the physician's treatment of the patient." *Williams v. Hartman*, 413 Mass. 398, 400 (1992)(*citing Smith v. Steinberg*, 395 Mass. 666, 669 (1985).

12. In making the determination as to the nature of the required control, the focus is on the *right* of the master to control the acts of its servants and not necessarily on evidence of actual control. *Kelly*, 395 Mass. at 661; *Cowan v. Eastern Racing Assoc., Inc.*, 330 Mass. 135, 141-142 (1953); *Khoury v. Edison Electric Illuminating Co.*, 265 Mass. 236, 238 (1928).

13. It is important to note that it is settled law in the Commonwealth, that a physician may exercise independent judgment, and still be deemed the servant if the principal controls the details of a physicians activities. *McNamara*, 406 Mass. at 48.

14. The University of Massachusetts Medical School is an agency of the Commonwealth of Massachusetts. M.G.L.c. 75 §§ 1, 34.

15. The University of Massachusetts Medical School is a public employer, as it is supported directly by state funds appropriated by the state Legislature and because it has no existence apart from that of the Commonwealth. *McNamara v. Honeyman*, 406 Mass. 43 (1989); *Hannigan v,. New Gamma-Delta Chapter of Kappa Sigma Fraternity*, 367 Mass. 658, 659 (1975)(*superseded by statute on other grounds*); *Robinson v. Commonwealth*, 32 Mass. App. Ct. 6, 9 (1992).

The Defendant,
**KENNETH K. GERWECK, M.D.**

By His Attorneys,
**MORRISON MAHONEY LLP**


/s/ *Dennis R. Anti, Esquire*

/s/ *Heather G. Beattie, Esquire*
Dennis R. Anti, Esquire, BBO#545898
Heather G. Beattie, Esquire, BBO#643197
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

Dated:

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on (date).


/s/ *Heather G. Beattie, Esquire*
Heather G. Beattie, Esquire
BBO#: 643197